129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth A. KOZEL, Plaintiff-Appellant,
v.
Mary ROBINSON, Defendant-Appellee.
 No. 97-1536.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 28, 1997.*
Decided Oct. 28, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.
 
 ORDER
 
 2
 On February 4, 1997, Kenneth Kozel, a licensed attorney in Illinois, filed a complaint against Mary Robinson, the Administrator of the Attorney Registration and Disciplinary Commission (ARDC), in both her official and personal capacity, seeking temporary and permanent injunctive relief based on the arbitrariness and unconstitutionality of the Illinois attorney disciplinary process. Kozel requested a temporary restraining order (TRO) to enjoin the ARDC from holding a disciplinary hearing against him. The following day, after a hearing, the district court ruled that a suit against Robinson in her official capacity was barred by the Eleventh Amendment. In considering a suit against Robinson in her personal capacity, the court, abstaining from interfering in the state disciplinary proceeding, denied Kozel's TRO request and dismissed his action. Kozel, challenging the district court's decision to abstain, appeals the denial of the TRO and the dismissal of his claim. We affirm.
 
 
 3
 On January 11, 1996, the ARDC filed a thirteen-count disciplinary complaint against Kozel. On October 25, 1996, the ARDC filed a second amended complaint alleging that the plaintiff committed professional misconduct by filing and submitting false pleadings; questioning, without any factual basis, the integrity and impartiality a numerous state and federal judges; incurring sanctions from numerous courts for frivolous pleadings; neglecting a case and then misrepresenting the status of the case to the client; and by appearing in federal court without a license. On February 4, 1997, the day before his disciplinary hearing was scheduled, Kozel filed this action in the district court attempting to stay his disciplinary proceedings. Kozel contends that the Illinois disciplinary process is unconstitutional and therefore requires the court to interfere with his disciplinary proceedings. In particular, Kozel believes that the 1990 amendments to the Illinois Supreme Court Rules, which eliminated appeals from disciplinary proceedings as a matter of right and now require any party wishing to contest the disciplinary proceedings to petition the Illinois Supreme Court for leave, prevent him from presenting his constitutional challenges in state proceedings. See Ill. Sup.Ct. R. 753(e)(1). It is the fact that the Illinois Supreme Court is no longer obligated to hear his appeal which Kozel feels warrants interference with his attorney disciplinary proceedings. The district court disagreed and concluded that Kozel still had an adequate opportunity to present his challenges to the Illinois Supreme Court and therefore the federal district court should abstain from interfering in his attorney disciplinary proceeding.
 
 
 4
 We review the district court's decision for abuse of discretion. See Storment v. O'Malley, 938 F.2d 86, 88 (7th Cir.1991). "[T]he United States Supreme Court has espoused a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Id.
 
 
 5
 In Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423, 432 (1982), the Supreme Court established a threefold analysis for determining whether or not Younger v. Harris, 401 U.S. 37 (1971) required a district court to abstain from interfering in attorney disciplinary proceedings The district court must abstain from interfering in attorney disciplinary proceedings if (1) the disciplinary proceedings are ongoing state judicial proceedings; (2) the proceedings implicate an important state interest; and (3) there is an adequate opportunity to raise constitutional challenges in the state proceedings. See Middlesex, 457 U.S. at 432.
 
 
 6
 We have already determined that federal district courts should abstain from interfering in Illinois attorney disciplinary proceedings. In Storment, we concluded that Illinois attorney disciplinary proceedings were judicial in nature and involved an important state interest and therefore satisfied the first two prongs of the Middlesex test. See Storment, 938 F.2d at 89. The only remaining issue is whether the 1990 amendments to the Illinois Supreme Court Rules require us to overrule Storment and determine that there is no longer an adequate opportunity to raise constitutional challenges in Illinois attorney disciplinary proceedings.
 
 
 7
 Abstention is based upon the theory that the accused should first present his defense in the state courts, unless it plainly appears that this course would not afford adequate protection. See Storment, 938 F.2d at 89-90. We assume that the state procedures will provide an adequate remedy in the absence of unambiguous authority to the contrary. See id. at 90; Pincham v. Illinois Judicial Inquiry Bd., 872 F.2d 1341, 1348 (7th Cir.1989). Kozel contends that Illinois Supreme Court Rule 753(e)(1), which requires an attorney to petition the Illinois Supreme Court for a review of his case, prevents him from presenting his constitutional challenges in state proceedings because review by the Illinois Supreme Court is now discretionary. Kozel asserts that once the Illinois Supreme Court made review no longer a matter of right, they lost their Middlesex protection and federal courts are no longer required to abstain from interfering in Illinois attorney disciplinary proceedings. The fact that an attorney must now petition the Illinois Supreme Court for leave does not prevent Kozel from presenting his concerns in state proceedings. Kozel still has an opportunity to present his challenges to the Illinois Supreme Court. See Ill. Sup.Ct. R. 753(e)(1)-(e)(5); Moore v. Sims, 442 U.S. 415, 425-26 (1979) ("Clearly, abstention is appropriate unless state law clearly bars the interposition of the constitutional claims.").
 
 
 8
 Abstention under Middlesex is warranted unless the complaint sets forth an exception to the Younger doctrine. The district court is not required to abstain from enjoining a state proceeding if (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an immediate and extraordinary need for relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions. See Pincham, 872 F.2d at 1349. Kozel only argues the first and third of these exceptions.
 
 
 9
 There is no evidence that the disciplinary proceedings were brought against Kozel with either with a desire to harass him or in bad faith. It is necessary to show specific evidence that the state prosecution was brought in bad faith for the purposes of retaliating for or deterring the exercise of constitutionally protected rights. See id.; Collins v. County of Kendall, 807 F.2d 95, 98 (7th Cir.1986). His allegations. such as that the Springfield and Chicago ARDC locations are remote and prejudicial or that he was assigned a visually impaired hearing officer, do not suggest that the ARDC initiated disciplinary proceedings with either a desire to harass him or in bad faith.
 
 
 10
 The final exception to the Younger doctrine is a challenge to a provision which is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Pincham, 872 F.2d at 1350 (quoting Younger v. Harris, 401 U.S. 37, 53-54 (1971)). Neither the 1990 amendments nor the disciplinary process itself rise to such a level.
 
 
 11
 Because Kozel does not satisfy the Middlesex analysis or any of Younger's exceptions, the district court did not abuse its discretion in dismissing Kozel's claim.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)